IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTIE MICHAEL                                                                                        PLAINTIFF

vs.                                            Civil No. 4:24-cv-04058

COMMISSIONER, SOCIAL                                                                         DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

    Christie Michael ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

    The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

    Plaintiff protectively filed her disability application on January 29, 2021. (Tr. 56). In this application, Plaintiff alleges being disabled due to complex PTSD, scoliosis, and arthritis. (Tr. 226). Plaintiff alleges an onset date of June 18, 2018. (Tr. 56). This application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 5. These references are to the page number of the transcript itself not the ECF page number.

1

initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 141-195).

On January 24, 2023, the ALJ held an administrative hearing. (Tr. 74-98). At this hearing, Plaintiff was present and was represented by counsel, Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this administrative hearing. *Id.*

Following the administrative hearing, on June 27, 2023, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 56-68). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 29, 2021. (Tr. 58, Finding 1). The ALJ also determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, and obesity. (Tr. 58, Finding 2). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 62, Finding 3).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 62-66, Finding 4). Specifically, the ALJ found Plaintiff retained the RFC to perform light work, except she could climb ramps and stairs frequently; climb ladders, ropes, or scaffolds occasionally; balance frequently; stoop, kneel, crouch, and crawl occasionally; and should avoid concentrated exposure to hazards including unprotected heights and dangerous machinery and avoid concentrated exposure to vibration. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 66, Finding 5). The ALJ determined Plaintiff had no PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 67, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) sub-

assembler with approximately 149,000 jobs in the nation, (2) routing clerk with approximately 40,000 jobs in the nation, and (3) merchandise marker with approximately 180,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled since January 29, 2021. (Tr. 67, Finding 10).

Plaintiff then requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on April 2, 2024. *Id.* Thereafter, on May 31, 2024, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 3, 2024. ECF No. 4. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 10, 12-13.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ erred (1) in finding her migraine headaches as non-severe, (2) in failing to properly evaluate her subjective complaints of pain, and (3) in the RFC determination. ECF No. 10. In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 12. Because the Court finds the ALJ erred in assessing Plaintiff's migraine headaches as non-severe, the Court will only address this argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to, among other things, migraine headaches. The medical record shows Plaintiff was treated and received medication for migraines.

(Tr. 26, 434-440, 486-487, 572-573, 588-594). Plaintiff also testified about the effects this condition and medications had on her and her ability to work. (Tr. 83, 86, 92-93).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon the record, Plaintiff has presented sufficient evidence demonstrating her migraine headaches meet that standard. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of June 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE